R. E. WILSON *v.* H. E. COX et al.

CHANCERY PRACTICE — RIGHT OF RESCISSION WHEN VENDOR CANNOT CONVEY TITLE. — Where vendor of a tract of land cannot make title to the same, the general principle is, that in such circumstances the purchaser has an election, either to abandon the contract and to be repaid what he has advanced, or he may compel the vendor to convey to him such estate or interest as he has, and make compensation for the residue. Martlock v. Buller, 10 Vesey R., 315. Jackson v. Ligon, 3 Leigh, 161. Mathews v. Patterson, 2 How., 729.

APPEAL from the Chancery Court of Lauderdale County. Hon. THOMAS CHRISTIAN, Chancellor.

The opinion cf the court contains a sufficient statement of the case.

*S. A. D. Steele*, for appellant, cited the following authorities: Peques v. Mosbey, 7 S. & M., 340; Feemster v. May, 13 ib., 275; Cunningham v. Sharp, 11 Humph, 116. On application of the vendee the contract will be rescinded. Greenwood v. Ligon, 10 S. & M., 615; 13 ib., 275; Peques v. Mosbey, 7 ib., 340; 4 How., 435; 6 ib., 673; 44 Miss., 50; 39 ib., 477; 34 ib., 432; 28 ib., 340; 1 S. & M., 443; 11 ib., 368.

The defendant cannot resist a decree if a good title can be made. Seton v. Slade, 7 Vesey, 265. So if the title cannot be made, the trade should be rescinded. If the vendor has taken no steps to make out his title when the time has elapsed, and the purchaser has immediately insisted upon a repayment of the amount paid, equity will not decree a specific performance, and when the vendee offers to rescind because the vendor could not obtain title, the court will decree a rescission. 3 Lead. Cas. Eq., 59.

Can the vendor at the time of hearing make a good title? See Jenkins v. Hils, 6 Ves., 646; Wynn v. Morgan, 7 ib., 202; 3 Lead. Cas. Eq., 60. The title must be made out at the time of the master's report. Kirwan v. Blake, 2 Mall., 581, 582; Cowgill v. Lord Oxmantown, 3 Y. & C. Exch. Cas., 369. If the vendor can procure title in a reasonable time he will be put under rule to do so. Stourten v. Sir Thos. Meers, 1 P. Wm., 146; 3 Lead. Cas. Eq., 60. The vendee is not required to take the title when a suit is necessary to complete it. Lechmere v. Brasier, 2 J. & W., 289; Dalby v. Pullen, 3 Sim., 29; 1 Russ. & My., 296; Coster v. Turnor, ib., 311; 3 Lead. Cas. Eq., 61, cases cited. *A fortiori* would the vendee not be required to specifically perform if the vendor could not procure title. A purchaser is not bound to accept a different estate than the one he purchased, for example, a leasehold instead of a freehold estate. Drewe v. Corp., 9

Ves., 368 ; Prendergrass v. Eyre, 2 Hogan, 81.  A purchaser of an entirety is not compelled to take an undivided share.  3 Lead. Cas. Eq., 69, 70, 71.  A vendor cannot have a specific performance unless he can perform the entire contract, whilst the vendee can enforce a performance *pro tanto*, if he is satisfied to do so, and have compensation for the deficit.  Mortlock v. Buller, 10 Ves., 315 ; 3 Lead. Cas. Eq., 72 ; Attorney General v. Day, 1 Ves., 218 ; Sugden on Vendors, 302 ; Cumingham v. Sharp, 11 Humph., 116 ; Horbus v. Godden, 6 Rich. Eq., 284 ; Clark v. Reins, 12 ˙Gratt., 98, 112 ; Waters v. Travis, 9 Johns., 450 ; Voorhees v. De Myer, 3 Sanf. Ch., 614 ; 2 Barb., 37 ; Jopling v. Dooley, 1 Yerg., 289 ; Wiswall v. McGowan, 1 Hoff., 125 ; Weatherford v. James, 2 Ala., 170 ; 5 ib., 761 ; 2 Bibb., 410 ; 6 Hamm., 169 ; 2 Ired. Eq., 206 ; 2 Rand., 120 ; Matthews v. Patterson, 2 How., 729 ; 20 Ohio, 453.

Reporters find no brief in the record for appellees.

SIMRALL, J., delivered the opinion of the court :

R. E. Wilson (the appellant) agreed to purchase from H. E. Cox, several tracts of land containing in all about 1,800 acres, for the price of $2,500, divided into instalments of $500 each.  Cox executed to Wilson a bond to convey, with general covenants of warranty, upon final payment of the purchase money.  Two of these instalments amounting to $1,000 have been paid.

Wilson, the complainant, brought his bill in chancery, and alleges that Cox has title to only one section of land, and part of another — as to the larger part he has no title whatever, and therefore is unable to comply with his contract.  That he applied to Cox, either to rescind the contract and restore to him the money which he had paid ; or to convey to him so much land as he had title to, making a proper apportionment of the price, offering on his part to perform if Cox would comply by paying the balance of the purchase money.  This offer Cox rejected, insisting that the complainant should pay the residue of the price, and accept such title as he was able to convey.

The prayer of the bill is in the alternative, either for rescission of the contract or a performance so far as Cox may be able to convey, and an apportionment of the price as to value, and for general relief.

Upon demurrer the bill was dismissed. We have not been furnished with an argument in support of the demurrer, and are therefore not advised of the grounds of the decision of the chancellor.

According to the case made in the bill, the defendant sold and agreed to convey much more land than he had title to, or had procured title to, at the time suit was brought. The complainant according to his allegations was in no default, but was willing to complete his payments if he, defendant, would make a title as covenanted to be made. If that could not be done, he was willing to rescind, or to accept performance, as far as defendant was able.

Manifestly, the complainant could claim a rescission of the contract if the vendor could not make a title to half of a large tract, which he had bargained to convey.

It might be, that the portion of land to which the vendor could not make title, was much more valuable, and constituted the chief inducement to the purchase.

The principle is, that in such circumstances the purchaser has an election, either to abandon the contract and to be repaid what he has advanced, or he may compel the vendor to convey to him such estate, or interest as he has, and make compensation for the residue. Mortlock v. Buller, 10 Ves., 315.

In Jackson v. Ligon, 3 Leigh, 161, of a tract of 686 acres, the vendor was unable to make title to 206 acres, which was separated from the other land by a public road, it was held that the purchaser might throw up the whole bargain. The same principle prevailed in McKean v. Reed, 6 Litt., 395; Buchanan v. Alwell, 8 Humph., 516

If the inability of the defendant be the cause of the nonfulfillment of the contract, the plaintiff would have the right to a per-

formance, so far as practicable, and to compensation on those points which do not admit of fulfillment.   Jacobs v. Lake, 2 Iredell Eq., 206 ; Jones v. Shackleford, 2 Bibb., 410 ; Mathews v. Patterson, 2 How., 720 ; Seton v. Slade, 7 Ves., 265 ; 3 Lead. Cases in Eq., 89, 90.

On the case made in the bill the complainant is entitled to relief.

The decree sustaining the demurrer and dismissing the bill, is reversed.   Judgment is rendered here overruling the demurrer, and cause remanded with leave to defendants to answer in forty days from this date.