WILLIAMS *v.* BUSH *et al.*

(In Banc. Feb. 12, 1945.)

[20 So. (2d) 706. No. 35754.]

Jeff Collins, of Laurel, for appellant.

Shannon, Beard & Pack and J. R. Buchanan, all of Laurel, for appellees.

Smith, C. J., delivered the opinion of the court.

Mrs. L. E. Bush, formerly Mrs. Walters, and her minor son Max Newton Walters each owned an undivided one-

half interest in certain land inherited by them from Mrs. Bush's former husband and Max Newton Walters' father. In July, 1944, Mrs. Bush executed and delivered to the appellant a deed to the land, reciting:

"For and in consideration of the amount of $2,000,000, of which amount the sum of $300.00 has been paid at the signing, execution and delivery of this instrument, we, the undersigned, L. E. Bush and wife, Mrs. L. E. Bush, hereby obligate ourselves within the next ninety (90) days, upon the payment by him of the remaining $1,700.00 to execute and deliver to J. A. Williams a general warranty deed to a one-half interest in the lands described as (description omitted), and to procure a deed through the Chancery Court to the said J. A. Williams to the one-half interest in said lands that belongs to Max Newton Walters, the said above described lands being owned jointly by the said Mrs. L. E. Bush and Max Newton Walters. . . .

"A failure on the part of the grantee to pay the grantors the remaining amount of $1,700.00 within the time above mentioned, shall constitute a forfeiture of this contract, and all monies theretofore paid shall be the property of the grantees."

Mrs. Bush declined to carry out this agreement and sent the appellant a check for the $300 paid her by him, which he declined to cash and tore up. Afterwards this suit for a specific performance of this contract was begun by the appellant, the parties defendant thereto being Mrs. Bush, her husband, and Max Newton Walters. The case was tried on bill, answer and proof and a decree was rendered dismissing the bill of complaint, the ground therefor not being set forth. Over the appellant's objection the appellees introduced evidence to the effect that contemporaneous with the execution of this contract the appellant was informed that Max Newton Walters was a minor and that if he should, as he afterwards did, decline to consent to the sale of the land, the contract should be of no force and effect. It will not be necessary for us

·to decide whether this evidence was admissible, and, if so, what its effect would be, for the Court's decree is clearly right without reference thereto. No decree could have been rendered against Max Newton Walters, who was not only a minor but was not a party to the contract for the sale of the land, and the court below was without power to specifically enforce Mrs. Bush's agreement to obtain a deed to the appellant through the chancery court to this minor's interest in the land.

But the appellant says that he is entitled to a decree directing Mrs. Bush to convey to him her one-half interest in the land with such abatement of the purchase price as may be just, citing Wilson v. Cox, 50 Miss. 133, in support thereof. It does not appear in that case that the vendee knew when the contract to convey the land was made that the vendor had no title to and could not convey a portion thereof, and in a later case (Chapman v. Lott, 144 Miss. 841, 110 So. 793) this Court held that when the vendee had such knowledge he is not entitled to a decree directing the vendor to convey to him that part of the land or interest therein to which the vendor has title. This holding finds ample support in authorities elsewhere, as will appear from 58 C. J., Specific Performance, secs. 56 and 59; 49 Am. Jur., Specific Performance, sec. 106; Annos. to Eppstein v. Kuhn, 10 L. R. A. (N. S.), at page 119.

The decree of the court below must therefore be and is affirmed.